Citation Nr: 1542439 
Decision Date: 09/30/15 Archive Date: 10/05/15

DOCKET NO. 10-22 574A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUE

Entitlement to total disability based on individual unemployability (TDIU) due to service-connected disabilities.


REPRESENTATION

Appellant represented by: Barry Allen, Attorney


ATTORNEY FOR THE BOARD

D. M. Donahue Boushehri, Counsel 


INTRODUCTION

The Veteran served on active duty from January 1973 to October 1984.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Nashville, Tennessee. 

The Court has held that a request for a total disability evaluation based on individual unemployability, whether expressly raised by the Veteran or reasonably raised by the record, is not a separate 'claim' for benefits, but rather, can be part of a claim for increased compensation. Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). Though not specifically appealed, the Board found the Veteran raised the issue of TDIU in a November 2012 remand. 

This appeal was previously before the Board in November 2012. The Board remanded the claim for further development. The case has been returned to the Board for further appellate consideration.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran seeks entitlement to TDIU. The Veteran is currently service-connected for a torn anterior cruciate ligament of the left knee; degenerative joint disease of the left knee; left wrist condition status-post partial fusion; chondromalacia patella of the right knee; impairment of the elbow; and, exophthalmoses of undetermined etiology. The combined rating is 50 percent from January 2013. The Veteran had a combined rating of 20 percent prior to March 2009, 30 percent from June 17 to September 1, 2009, and 40 percent from September 1, 2009 to January 30, 2013. From June 17 to September 1, 2009, the Veteran was in receipt of a temporary total disability rating.

Thus, the minimum schedular percentage criteria for a TDIU were not met at any time during the pendency of the appeal. 38 C.F.R. § 4.16(a) (2014). However, it is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. 38 C.F.R. § 4.16(b) (2014). Rating boards are required to submit to the Chief Benefits Director or Director, Compensation and Pension Service, for extraschedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities but who fail to meet the percentage standards set forth in 38 C.F.R. § 4.16(a). Id. Where a veteran does not meet the schedular requirements of 38 C.F.R. § 4.16(a), the Board has no authority to assign a TDIU rating under 4.16(b) and may only refer the claim to the Chief Benefits Director or Director, Compensation and Pension Service, for extraschedular consideration. Bowling v. Principi, 15 Vet. App. 1 (2001).

Historically the evidence shows that the Veteran previously worked in concrete. In a January 2008 VA treatment note, he reported he worked in concrete flooring and similar types of construction work and that he was self-employed. In a March 2009 VA progress note, he reported that he works with concrete and that his left wrist problem was interfering with his work activities. In a January 2010 formal claim for TDIU, he reported he completed high school, but did not attend college. He stated he worked as a concrete finisher from 1984 to 2007. A February 2010 employer information form indicated the Veteran worked as a machine operator from October 2007 to June 2008. It was noted he lost time from January 2008 to March 2008 due to disability. The employer stated that the Veteran was on restricted duty for one week and released to full duty on April 7, 2007 per doctor's instructions. The Veteran's employment was terminated due to lack of work.

During a January 2013 VA examination, the examiner found that the left knee has relatively severe arthritis and surgical residuals. His left knee also has significantly reduced range of motion and has resulted in a significant unsteady antalgic gait. The Veteran is in chronic pain. It was his opinion that the severity of his service-connected left knee disability with required narcotic analgesic use precludes any significant gainful physical or sedentary employment. The examiner also noted that the Veteran's left wrist is frozen, essentially non-functional, and he is in chronic pain. The severity of his service-connected left wrist condition with required narcotic analgesic use precludes any significant gainful physical or sedentary employment. 

A July 2015 VA opinion indicated that the virtual files and recent examination reports were reviewed. The Veteran has hip, wrist, knees, and elbow conditions. These conditions would all prevent physical employment such as push/pull, lift/carry. However, the examiner indicated that these conditions would not prevent sedentary employment. The examiner did not address the effects of the Veteran's medications. 

Based upon the evidence cited above, the Board concludes that the facts of this case meet the criteria for submission of the Veteran's claim to the Chief Benefits Director or the Director, Compensation and Pension Service, for consideration of entitlement to a TDIU on an extraschedular basis. Therefore, a remand is warranted.

Accordingly, the case is REMANDED for the following action:

1. Refer the claim to the Chief Benefits Director or the Director, Compensation and Pension Service, for consideration of whether a TDIU on an extraschedular basis is warranted. Include a full statement as to the Veteran's service-connected disability, employment history, educational and vocational attainment, and all other factors having a bearing on the issue. See 38 C.F.R. § 4.16(b).

2. After completing this and any other development deemed necessary, re-adjudicate the issue of entitlement to a TDIU. If the benefit sought on appeal remains denied, issue the Veteran and his representative a supplemental statement of the case and provide a reasonable opportunity to respond before the case is returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
KELLI A. KORDICH 
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).